IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION

ANTONIO MUSSARI,              )
                              )
          Plaintiff,           )
                              )
     v.                        )    No.  09 C 2745
                              )
P.O. JOE DORTHA PARKER #17669, )
et al.,                        )
                              )
          Defendants.          )

                         MEMORANDUM

     Counsel for codefendant City of Chicago ("City") has filed what is labeled as a "Certification of Indemnification," intended to obviate the need for any <u>Monell</u>-type discovery and, if the case goes to trial, to eliminate any <u>Monell</u>-related evidentiary requirements.  That concept has been agreed to by plaintiff's counsel and is also acceptable to this Court, but one aspect of the Certification as drafted calls for further discussion--and, this Court believes, for modification.

     Because the Certification document is framed in terms of indemnification, City's obligation does not literally arise until the codefendant Chicago police officer in the case has made the payment of compensatory damages as well as the attorney's fees and expenses[1] that may be awarded under 42 U.S.C. §1988.  To eliminate any need on the plaintiff's part to pursue the officer

---

[1] As the document is drafted, it speaks of "costs"--a term of art under 28 U.S.C. §1920.  That term should be changed to "expenses," modified as it already is by the adjective "reasonable."

individually as a precondition to triggering City's liability, this Court believes that the language of the Certification should be changed to permit plaintiff to look directly to City for payment of the items involved, in much the same way that in a typical guaranty the guarantor does not require the other party to exhaust remedies (or even to go after) the party whose obligation is being guaranteed as a precondition to the guarantor's responsibility.

Accordingly this Court requests that the Certification be revised in accordance with this memorandum. If City's counsel has any problem with such a revision, the matter should be brought on for discussion by an appropriate notice of motion.

_____
Milton I. Shadur
Senior United States District Judge

Date: April 21, 2010